Michael Faillace [MF-8436]
Michael Faillace & Associates, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
(212) 317-1200
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
---------------------------------------------------------------X
JOSE VICTORIA, *individually and on behalf of others*
*similarly situated,*

*Plaintiff,*

-against-

PERFECTO PIZZA CORP. (d/b/a LUNETTA PIZZA
& RESTAURANT ), JOHN DOE 1 CORP. (d/b/a
LUNETTA PIZZA & RESTAURANT ), JOHN DOE
2 CORP. (d/b/a LA VERA PIZZERIA &
RESTAURANT), LAMIA PIZZA & RESTAURANT
CORP. (d/b/a LA MIA PIZZA), ABDELLATIF
MAHMOUD, JIM HECKLER, AND KHAIR
MUHANA

*Defendants.*

---------------------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION**
**UNDER 29 U.S.C. § 216(b)**

**ECF Case**

   Plaintiff Jose Victoria, individually and on behalf of others similarly situated ("Plaintiff Victoria"), by and through his attorneys, Michael Faillace & Associates, P.C., and as against defendants  Perfecto Pizza Corp. (d/b/a Lunetta Pizza & Restaurant ), John Doe 1 Corp. (d/b/a Lunetta Pizza & Restaurant ), John Doe 2 Corp. (d/b/a La Vera Pizzeria & Restaurant), Lamia Pizza & Restaurant Corp. (d/b/a La Mia Pizza) ("Defendant Corporations"), Abdellatif Mahmoud, Jim Heckler, and Khair Muhana, (collectively, "Defendants"), upon information and belief alleges as follows:

1

## NATURE OF ACTION

1.      Plaintiff Victoria was an employee of Defendants Perfecto Pizza Corp. (d/b/a Lunetta Pizza & Restaurant ), John Doe 1 Corp. (d/b/a Lunetta Pizza & Restaurant ), John Doe 2 Corp. (d/b/a La Vera Pizzeria & Restaurant), Lamia Pizza & Restaurant Corp. (d/b/a La Mia Pizza), Abdellatif Mahmoud, Jim Heckler, and Khair Muhana, who own and operate Lunetta Pizza & Restaurant , Lunetta Pizza & Restaurant , La Vera Pizzeria & Restaurant, and La Mia Pizza.

2.      Abdellatif Mahmoud, Jim Heckler, and Khair Muhana own four pizzerias located at 1427 Third Avenue, New York, NY 10028 (hereinafter "Lunetta Pizza & Restaurant "), 245 Third Avenue, New York, NY 10010  (hereinafter "Lunetta Pizza & Restaurant "), 922 Second Avenue, New York, NY 10017 (hereinafter "La Vera Pizzeria & Restaurant"), and 1488 First Avenue, New York, NY 10075  (hereinafter "La Mia Pizza").

3.      Upon information and belief, Defendants Abdellatif Mahmoud, Jim Heckler, and Khair Muhana serve or served as owners, managers, principals or agents of Defendant Corporations and through these corporate entities operate or operated the pizzerias as a joint or unified enterprise.

4.      Plaintiff Victoria was an employee of Defendants.

5.      Plaintiff Victoria worked long days as a pizza maker at all four pizzerias.

6.      Plaintiff Victoria regularly worked for Defendants in excess of 40 hours per week, without appropriate overtime compensation for any of the hours that he worked over 40 each week.

7.     Rather, Defendants failed to maintain accurate records of hours worked and failed to pay Plaintiff Victoria appropriately for any hours worked over 40.

8.     Further, Defendants failed to pay Plaintiff Victoria the required "spread of hours" pay for any day in which he had to work over 10 hours a day.

9.     Defendants' conduct extended beyond Plaintiff Victoria to all other similarly situated employees.

10.     At all times relevant to this complaint, Defendants maintained a policy and practice of requiring Plaintiff Victoria and other employees to work in excess of forty (40) hours per week without providing the overtime compensation required by federal and state law and regulations.

11.     Plaintiff Victoria now brings this action on behalf of himself, and other similarly situated individuals, for unpaid overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), the New York Labor Law ("NYLL") §§190 and 650 *et seq*., and "overtime wage order" respectively codified at N.Y.C.R.R. Tit. 12 §§ 142-2.2, 2.4), and the "spread of hours" and overtime wage orders of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 146-1.6 (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees, and costs.

12.     Plaintiff Victoria seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

3

13.     This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b) (FLSA), 28 U.S.C. § 1337 (interstate commerce) and 28 U.S.C. § 1331 (federal question). Supplemental jurisdiction over Plaintiff Victoria's state law claims is conferred by 28 U.S.C. § 1367(a).

14.     Venue is proper in this District under 28 U.S.C. § 391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in this district, Defendants operate their business in this district, and Plaintiff Victoria was employed by Defendants in this district.

## PARTIES

*Plaintiff*

15.     Plaintiff Jose Victoria ("Plaintiff Victoria" or "Mr. Victoria") is an adult individual residing in New York County, New York.

16.      Plaintiff Victoria was employed by Defendants from approximately 2009 until on or about December 2016.

17.     Plaintiff Victoria worked for Defendants as a pizza maker at the La Mia location from approximately 2009 until on or about 2012, at the Lunetta Pizzeria & Restaurant 1 location from approximately September 2014 until on or about May 2015, at the Lunetta Pizzeria & Restaurant 2 location from approximately December 2015 until on or about December 2016, and at the La Vera Pizzeria & Restaurant location from approximately February 2017 until on or about June 9, 2017.

18.     Plaintiff Victoria consents to being party plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

19.     Defendants own, operate and/or control four pizzerias, 1427 Third Avenue, New York, NY 10028 (Lunetta Pizza & Restaurant ), 245 Third Avenue, New York, NY 10010 (Lunetta Pizza & Restaurant ), 922 Second Avenue, New York, NY 10017 (La Vera Pizzeria & Restaurant), and 1488 First Avenue, New York, NY 10075 (La Mia Pizza), respectively.

20.     Upon information and belief, Defendant Perfecto Pizza Corp. (d/b/a Lunetta Pizza & Restaurant ), ("Defendant Corporation") is a corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principle place of business at 1427 Third Avenue, New York, NY 10028.

21.     Upon information and belief, Defendant John Doe 1 Corp. (d/b/a Lunetta Pizza & Restaurant ), ("Defendant Corporation") is a corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principle place of business at 245 Third Avenue, New York, NY 10010.

22.     Upon information and belief, Defendant John Doe 2 Corp. (d/b/a La Vera Pizzeria & Restaurant), ("Defendant Corporation") is a corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principle place of business at 922 Second Avenue, New York, NY 10017 (hereinafter "La Vera Pizzeria & Restaurant").

23.     Upon information and belief, Defendant Lamia Pizza & Restaurant Corp. (d/b/a La Mia Pizza), ("Defendant Corporation") is a corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principle place of business at 1488 First Avenue, New York, NY 10075 (hereinafter "La Mia Pizza").

24.     Defendant Abdellatif Mahmoud is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period.

25.     Defendant Abdellatif Mahmoud is sued individually in his capacity as an owner, officer and/or agent of Defendant Corporation.

26.     Defendant Abdellatif Mahmoud possesses or possessed operational control over Defendant Corporation, an ownership interest in Defendant Corporation, or controlled significant functions of Defendant Corporation.

27.     Defendant Abdellatif Mahmoud determined the wages and compensation of employees, including Plaintiff Victoria, established the schedules of employees, maintained employee records, and had the authority to hire and fire employees.

28.     Defendant Jim Heckler is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period.

29.     Defendant Jim Heckler is sued individually in his capacity as an owner, officer and/or agent of Defendant Corporation.

30.     Defendant Jim Heckler possesses or possessed operational control over Defendant Corporation, an ownership interest in Defendant Corporation, or controlled significant functions of Defendant Corporation.

31.     Defendant Jim Heckler determined the wages and compensation of employees, including Plaintiff Victoria, established the schedules of employees, maintained employee records, and had the authority to hire and fire employees.

32.     Defendant Khair Muhana is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period.

33.     Defendant Khair Muhana is sued individually in his capacity as an owner, officer and/or agent of Defendant Corporation.

34.     Defendant Khair Muhana possesses or possessed operational control over Defendant Corporation, an ownership interest in Defendant Corporation, or controlled significant functions of Defendant Corporation.

35.     Defendant Khair Muhana determined the wages and compensation of employees, including Plaintiff Victoria, established the schedules of employees, maintained employee records, and had the authority to hire and fire employees.

*Defendants Constitute Joint Employers*

36.     Defendants operate pizzerias located at 1427 Third Avenue, New York, NY 10028, 245 Third Avenue, New York, NY 10010, 922 Second Avenue, New York, NY 10017, and 1488 First Avenue, New York, NY 10075 under the names "Lunetta Pizza & Restaurant ", "Lunetta Pizza & Restaurant ", "La Vera Pizzeria & Restaurant" and "La Mia Pizza" respectively.

37.     Individual Defendants Abdellatif Mahmoud, Jim Heckler, and Khair Muhana possess operational control over Defendant Corporations, possess an ownership interest in Defendant Corporations, and controls significant functions of Defendant Corporations.

38.     Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

39.     Each Defendant possessed substantial control over Plaintiff Victoria's (and other similarly situated employees') working conditions, and over the policies and practices with

respect to the employment and compensation of Plaintiff Victoria, and all similarly situated individuals, referred to herein.

40.     Defendants jointly employed Plaintiff Victoria, and all similarly situated individuals, and are Plaintiff Victoria's (and all similarly situated individuals') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

41.     In the alternative, Defendants constitute a single employer of Plaintiff Victoria and/or similarly situated individuals.

42.     Upon information and belief, individual Defendants Abdellatif Mahmoud, Jim Heckler, and Khair Muhana operate Defendant Corporations as either alter egos of themselves, and/or fail to operate Defendant Corporations as entities legally separate and apart from their own selves, by, among other things:

(a)     failing to adhere to the corporate formalities necessary to operate Defendant Corporations  as separate and legally distinct entities;

(b)     defectively forming or maintaining Defendant Corporations, by among other things failing to hold annual meetings or maintaining appropriate corporate records;

(c)     transferring assets and debts freely as between all Defendants;

(d)     operating Defendant Corporations  for their own benefit as the sole or majority shareholders;

(e)     operating Defendant Corporations  for their own benefit and maintaining control over these corporations as  closed corporations or closely controlled entities;

(f)    intermingling assets and debts of their own with Defendant Corporations;

(g)    diminishing and/or transferring assets of Defendant Corporations  to protect their own interests; and

(h)    other actions evincing a failure to adhere to the corporate form.

43.    At all relevant times, Defendants were Plaintiff Victoria's employers within the meaning of the FLSA and NYLL.

44.    Defendants had the power to hire and fire Plaintiff Victoria, control the terms and conditions of employment, and determine the rate and method of any compensation in exchange for Plaintiff Victoria's services.

45.    In each year from 2011 to 2017, Defendants, both individually and jointly, had gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

46.    In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. For example, numerous items that were sold in the pizzerias on a daily basis were produced outside of the State of New York.

*Individual Plaintiff*

47.    Plaintiff Victoria is a former employee of Defendants, who was employed as a pizza maker.

48.    Plaintiff Victoria seeks to represent a class of similarly situated individuals under 29 U.S.C. § 216(b).

*Plaintiff Jose Victoria*

49.     Plaintiff Victoria was employed by Defendants at the La Mia Pizza location from approximately December 2009 until on or about 2012, at the Lunetta Pizza & Restaurant location from approximately September 2014 until on or about May 2015, at the Lunetta Pizza & Restaurant  location from approximately December 2015 until on or about December 2016, and at La Vera Pizza & Restaurant location from approximately February 2017 until on or about June 9, 2017.

50.     At all relevant times, Plaintiff Victoria was employed by Defendants to work as a pizza maker.

51.     Plaintiff Victoria regularly handled goods in interstate commerce, such as food, condiments and supplies necessary to perform his duties as a pizza maker.

52.     Plaintiff Victoria's work duties required neither discretion nor independent judgment.

53.     Throughout his employment with Defendants, Plaintiff Victoria regularly worked in excess of 40 hours per week.

54.     From approximately June 2011 until on or about December 2012, Plaintiff Victoria worked at the La Mia Pizza location from approximately 6:00 p.m. until on or about 2:00 a.m. three days a week, from approximately 6:00 p.m. until on or about 5:00 a.m. two days a week, and from approximately 6:00 p.m. until on or about 4:00 a.m. one day a week (typically 56 hours per week).

55.     From approximately September 2014 until on or about May 2015, Plaintiff Victoria worked at the Lunetta Pizzeria & Restaurant 1 location from approximately 9:00 a.m. until on or about 8:00 p.m. five days a week and from approximately 9:00 a.m. until on or about

10:00 p.m. one day per week; in addition, twice a month, defendants required Plaintiff Victoria to work until 2:00 a.m. when he worked the 9:00 a.m. to 8:00p.m. schedule (typically 68 to 74 hours per week).

56.     From approximately December 2015 until on or about December 2016, Plaintiff Victoria worked at the Lunetta Pizzeria & Restaurant 2 location from approximately 9:00 a.m. until on or about 8:00 p.m. five days a week and from approximately 9:00 a.m. until on or about 10:00 p.m. one day per week; in addition, three times a month, defendants required Plaintiff Victoria to work until 2:00 a.m. when he worked the 9:00 a.m. to 8:00p.m. schedule (typically 68 to 74 hours per week).

57.     From approximately February 2017 until on or about June 9, 2017, Plaintiff Victoria worked at the La Vera Pizzeria & Restaurant location from approximately 9:00 a.m. until on or about 7:00 p.m. Mondays through Saturdays (typically 60 hours per week).

58.     Throughout his entire employment, defendants paid Plaintiff Victoria his wages in cash.

59.     From approximately June 2011 until on or about December 2012, defendants paid Plaintiff Victoria $10.00 per hour.

60.     From approximately September 2014 until on or about December 2016, defendants paid Plaintiff Victoria $10.50 per hour.

61.     From approximately February 2017 until on or about June 7, 2017, defendants paid Plaintiff Victoria $10.00 per hour.

62.     From approximately June 2011 until on or about December 2012, Defendants never granted Plaintiff Victoria any breaks or meal periods of any length.

11

63.     Plaintiff Victoria was not required to keep track of his time, nor to his knowledge did the Defendants utilize any time tracking device such as punch cards, that accurately reflected his actual hours worked.

64.     Defendants did not provide Plaintiff Victoria with any document or other statement accounting for his actual hours worked, or setting forth the rate of pay for all of his hours worked.

65.     No notification, either in the form of posted notices, or other means, was ever given to Plaintiff Victoria regarding wages as required under the FLSA and NYLL.

66.     Defendants did not provide Plaintiff Victoria with each payment of wages an accurate statement of wages, as required by NYLL 195(3).

67.     Defendants did not give any notice to Plaintiff Victoria, in English and in Spanish (Plaintiff Victoria's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Defendants' General Employment Practices*

68.     Defendants regularly required Plaintiff Victoria to work in excess of forty (40) hours per week without paying him the required overtime compensation and spread of hours pay.

69.     At all times relevant to this complaint, Defendants maintained a policy and practice of requiring Plaintiff Victoria and all similarly situated employees to work in excess of forty (40) hours per week without paying them appropriate overtime compensation, as required by federal and state laws.

70.     Plaintiff Victoria was paid his wages in cash.

71.     Defendants willfully disregarded and purposefully evaded record keeping requirements of the Fair Labor Standards Act and New York Labor Law by failing to maintain accurate and complete timesheets and payroll records.

72.     Defendants failed to post required wage and hour posters in the restaurant, and did not provide Plaintiff Victoria with statutorily required wage and hour records or statements of his pay received, in part so as to hide Defendants' violations of the wage and hour laws, and to take advantage of Plaintiff Victoria's relative lack of sophistication in wage and hour laws.

73.     Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Victoria (and similarly situated individuals) worked, and to avoid paying Plaintiff Victoria properly for (1) for overtime due, and for (2) his Spread of Hours.

74.     Defendants failed to provide Plaintiff Victoria and other employees with wage statements at the time of payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

75.     Defendants failed to provide Plaintiff Victoria and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and in Spanish, the employees' primary language, containing: the rate or rates of pay and basis thereof,

whether  paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if

any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the

regular  pay day designated by the employer; the name of the employer; any "doing business as"

names used by the employer; the physical address of the employer's main office or principal

place of  business, and a mailing address if different;  and the telephone number of the employer,

as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

76.     Plaintiff Victoria brings his FLSA overtime, and liquidated damages claims as a

collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly

situated persons who are or were employed by Defendants, or any of them, on or after the date

that is three years before the filing of the complaint in this case (the "FLSA Class Period"), as

employees of Lunetta Pizza & Restaurant , Lunetta Pizza & Restaurant , La Vera Pizzeria &

Restaurant, and La Mia Pizza (the "FLSA Class").

77.     At all relevant times, Plaintiff Victoria  and other members of the FLSA Class

who are and/or have been similarly situated, have had substantially similar job requirements and

pay provisions, and have been subject to Defendants' common practices, policies, programs,

procedures, protocols and plans of willfully failing and refusing to pay them the required

overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per

workweek under the FLSA, and willfully failing to keep records required by the FLSA.

78.     The claims of the Plaintiff stated herein are similar to those of the other

employees.

## FIRST CAUSE OF ACTION

**VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA**

79.    Plaintiff Victoria repeats and re-alleges all paragraphs above as though fully set forth herein.

80.    Defendants, in violation of the FLSA, failed to pay Plaintiff Victoria (and the FLSA Class members) overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of 29 U.S.C. § 207 (a)(1).

81.    Defendants' failure to pay Plaintiff Victoria (and the FLSA Class members) overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

82.    Plaintiff Victoria (and the FLSA Class members) were damaged in an amount to be determined at trial.

**SECOND CAUSE OF ACTION**
**VIOLATION OF THE OVERTIME PROVISIONS OF**
**THE NEW YORK STATE LABOR LAWS**

83.    Plaintiff Victoria repeats and re-alleges all paragraphs above as though fully set forth herein.

84.    Defendants, in violation of the NYLL and associated rules and regulations, failed to pay Plaintiff Victoria (and the FLSA Class members) overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of N.Y. Lab. Law § 190 *et seq.* and supporting regulations of the New York State Department of Labor.

85.    Defendants' failure to pay Plaintiff Victoria (and the FLSA Class members) overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

86.    Plaintiff Victoria (and the FLSA Class Members) were damaged in an amount to be determined at trial.

**THIRD CAUSE OF ACTION**
**VIOLATION OF THE SPREAD OF HOURS WAGE ORDER**
**OF THE NEW YORK COMMISSIONER OF LABOR**

87.    Plaintiff Victoria repeats and re-alleges all paragraphs above as though fully set forth herein.

88.    Defendants failed to pay Plaintiff Victoria (and the FLSA Class members) one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiff Victoria's   spread of hours exceeded ten hours in violation of New York Lab.  Law §§ 190 *et seq*., and 650 *et seq*., and the wage order of the New York Commissioner of Labor codified at N.Y.  COMP.  CODES R.  & REGS.  Tit.  12, § 146-1.6.

89.    Defendants' failure to pay Plaintiff Victoria (and the FLSA Class members) an additional hour's pay for each day Plaintiff Victoria's   (and the FLSA Class members) spread of hours exceeded ten hours was willful within the meaning of New York Lab. Law § 663.

90.    Plaintiff Victoria (and the FLSA Class members) were damaged in an amount to be determined at trial.

**FOURTH CAUSE OF ACTION**
**VIOLATION OF THE NOTICE AND RECORDKEEPING**
**REQUIREMENTS OF THE NEW YORK LABOR LAW**

91.    Plaintiff Victoria repeats and re-alleges all paragraphs above as though fully set forth herein.

92.     Defendants failed to provide Plaintiff Victoria with a written notice, in English and in Spanish (Plaintiff Victoria's   primary language), of his rate of pay, regular pay day, and such other information as required by NYLL §195(1).

93.     Defendants are liable to Plaintiff Victoria in the amount of $5,000, together with costs and attorneys' fees.


## FIFTH CAUSE OF ACTION
## (VIOLATION OF THE WAGE STATEMENT PROVISIONS
## OF THE NEW YORK LABOR LAW)

94.     Plaintiff Victoria repeats and re-alleges all paragraphs above as though set forth fully herein.

95.     Defendants did not provide Plaintiff Victoria with wage statements upon each payment of wages, as required by NYLL 195(3).

96.     Defendants are liable to Plaintiff Victoria in the amount of $5,000, together with costs and attorneys' fees.


## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Victoria respectfully request that this Court enter judgment against Defendants:

(a)     Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members, apprising them of the pendency of this action, and permitting them promptly to file consents to be Plaintiffs in the FLSA claims in this action;

(b)     Declaring that Defendants violated the overtime wage provisions of, and

17

associated rules and regulations under, the FLSA as to Plaintiff Victoria and the FLSA class members;

(c)      Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Victoria's  and the FLSA class members' compensation, hours, wages, and any deductions or credits taken against wages;

(d)      Declaring that Defendants' violation of the provisions of the FLSA were willful as to Plaintiff Victoria   and the FLSA class members;

(e)      Awarding Plaintiff Victoria and the FLSA class members damages for the amount of unpaid overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(f)      Awarding Plaintiff Victoria and the FLSA class members liquidated damages in an amount equal to 100% of their damages for the amount of unpaid overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(g)      Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Victoria and the members of the FLSA Class;

(h)      Declaring that Defendants violated the Spread of Hours Wage Order of the New York Commission of Labor as to Plaintiff Victoria and the members of the FLSA Class;

(i)      Declaring that Defendants violated the recordkeeping requirements of the NYLL with respect to Plaintiff Victoria's and the FLSA Class members' compensation, hours, wages;

and any deductions or credits taken against wages;

       (j)      Declaring that Defendants' violations of the New York Labor Law were willful as to Plaintiff Victoria and the FLSA Class members;

       (k)      Awarding Plaintiff Victoria and the FLSA class members damages for the amount of unpaid overtime wages and spread of hours pay, under the NYLL as applicable;

       (l)      Awarding Plaintiff Victoria and the FLSA class members liquidated damages in an amount equal to one hundred percent (100%) of the total amount of overtime compensation and spread of hours pay shown to be owed pursuant to NYLL § 663 as applicable;

       (m)      Awarding Plaintiff Victoria and the FLSA class members pre-judgment and post-judgment interest as applicable;

       (n)      Awarding Plaintiff Victoria and the FLSA class members the expenses incurred in this action, including costs and attorney's fees;

       (o)      Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

       (p)      All such other and further relief as the Court deems just and proper.

JURY DEMAND

       Plaintiff Victoria demands a trial by jury on all issues triable by a jury.

Dated: New York, New York
       June 13, 2017

19

MICHAEL FAILLACE & ASSOCIATES, P.C.

_____/s/ Michael Faillace_____

By:    Michael A. Faillace [MF-8436]
        60 East 42nd Street, Suite 4510
        New York, New York 10165
        (212) 317-1200
        *Attorneys for Plaintiff Victoria*