# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

60 E. 42nd Street, Suite 4510                                                        Telephone: (212) 317-1200
New York, New York 10165                                                      Facsimile: (212) 317-1620

michael@faillacelaw.com

April 9, 2018

**VIA ECF**
Honorable Valerie E. Caproni
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

            Re:    <u>Victoria, et al. v. Perfecto Pizza Corp. et al.,
                       17 cv 4469 (VEC)</u>

Dear Judge Caproni,[1]

      This firm represents the Plaintiff Jose Victoria ("Plaintiff") in the above-referenced matter. Plaintiffs write jointly with Defendants to request that the Court approve the settlement agreement ("the Agreement") reached by the parties herein as "fair and reasonable." *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015); *Wolinsky v. Scholastic, Inc.*, 900 F. Supp. 2d 332, 335-36 (S.D.N.Y. 2012). The Agreement, reached by good-faith negotiation by counsel, and shortly after an in-person settlement conference before Magistrate Judge Parker, is attached hereto as Exhibit B. In light of the parties' settlement, the parties request all other deadlines in this matter be adjourned *sine die*, including the conference scheduled for April 13, 2018.

      Plaintiff has agreed to settle all of his claims in this action. Specifically, the parties and their counsel have considered that the interests of all concerned are best served by compromise,

---

[1] On March 12, 2016 the parties submitted a signed notice and consent to magistrate judge through the orders and judgments clerk. As of this writing the order has not been signed and the action has not been reassigned to Magistrate Judge Parker. We attach another copy of the consent hereto as Exhibit A. In the event the consent form is signed and the action reassigned the Magistrate Judge Parker, we respectfully request that this letter serve as our submission to Magistrate Judge Parker.

April 9, 2018
Page 2

settlement and dismissal of these claims with prejudice, in exchange for consideration as set forth in the Agreement.  The Agreement is the result of arduous arms-length bargaining between the parties, including a settlement conference before Magistrate Judge Parker and negotiations both before and after that conference. The Agreement reflects a desire by the parties to fully and finally settle and compromise all of Plaintiff's claims asserted in this case as outlined more specifically in the attached Agreement.

The parties have concluded that the Agreement is fair, reasonable, adequate, and in the parties' mutual best interests.  For these reasons and based on the reasons set forth below, the parties jointly and respectfully request that that Court enter an Order approving the settlement as fair and reasonable.

**I.    Statement of the Case**

By way of background, Plaintiff's Complaint alleged that he is a former employee of the Defendants, who operated for pizzerias on the east side of Manhattan: one operating under the name La Vera Pizzeria & Restaurant, and one operating under the name La Mia Pizza.  Plaintiff was employed as a pizza maker.  Victoria alleges that from June 2011 to December 2012, hewas employed at La Mia Pizza, worked 56 hours per week, and was paid $10.00 per hour for all hours worked.  From September 2014 until May 2015, Victoria allegedly worked at Lunetta Pizzeria & Restaurant for 68 to 74 hours per week, and was paid $10.50 per hour for all hours worked.  From December 2015 until December 2016, Victoria alleged he worked at the other location of Lunetta Pizzeria & Restaurant for 68 to 74 hours per week and was paid $10.50 per hour.  From February 2017 until June 9, 2017, Victoria alleged he worked at La Vera Pizzeria & Restaurant for 60 hours per week, and was paid at the rate of $10.00 per hour.  Plaintiff

1275330.1

estimated that if he were completely successful at trial, he would be awarded approximately $23,250 in unpaid overtime wages, and a total of approximately $78,000 including liquidated damages under both federal and New York law, spread of hours damages, and statutory damages for violations of New York wage notice and wage statement laws. The annexed Exhibit C represents Plaintiff's calculation of damages in the event of victory at trial.

Defendants disputed the amount of hours worked by Victoria. In addition, Defendants asserted that Victoria was properly paid both straight time and overtime for all hours worked. Defendants also denied that Victoria worked for them for the date ranges he alleged. Defendants produced documents which they claimed were records of the hours he worked and the amount of money he was paid. Victoria acknowledged signing some of those documents, but claimed that they were blank when he signed them and that the records were not accurate.

The parties reached a settlement agreement in principle after discovery was completed and after the parties held an in-person settlement conference at which Magistrate Judge Parker recommended a settlement of $23,500 (the amount of the claimed unpaid overtime). After the parties rejected that recommendation, the parties agreed to a settlement with a payment of $32,000, to be paid within 30 business days of the Court's approval of the agreement.

## II. The Proposed Settlement is Fair and Reasonable

Under the settlement, Defendants will pay $32,000.00 to settle all claims. Of the settlement amount, $20,817 will go to the Plaintiff himself, with $11,183 (one-third after costs) to go to Plaintiff's attorneys, in accordance with Victoria's retainer agreement with hisattorneys.

April 9, 2018
Page 4

Under *Wolinsky*, a court may approve a settlement where it "reflects a fair and 'reasonable compromise of disputed issues rather than a mere waiver of statutory rights brought about by an employer's overreaching.'" *Wolinsky*, 900 F.Supp.2d at 335 *(quoting Mosquera Masada Auto Sales, Ltd.*, 09-CV-4925 (NGG), 2011 WL 282327, at *1 (E.D.N.Y. Jan. 25, 2011); *see also Le v. Sita Information Networking Computing USA, Inc.*, No. 07 Civ. 0086, 2008 U.S. Dist. LEXIS 46174 at *2 (E.D.N.Y. June 12, 2008) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)); *Kopera v. Home Depot U.S.A., Inc.*, No. 09 Civ. 8337, 2011 U.S. Dist. LEXIS 71816, at *2 (S.D.N.Y. June 24, 2011) ("If the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved.").

Throughout the litigation there were sharply contested factual and legal disputes that went to the heart of Victoria's claims. Significantly, Defendants vigorously contested the alleged dates and hours worked by Victoria and the hourly rate paid to him.

The Defendants also had limited ability to pay a settlement, and it would have been difficult to enforce a large judgment against Defendants and collect it in full. At the time of settlement negotiations, Defendants also were defendants in two separate wage and hour lawsuits. Even if Victoria were to obtain a judgment for the full amount of his claimed damages, it is not clear that he would have been able to collect the full amount, and any partial collection would have been time-consuming. The proposed settlement represents a reasonable compromise between the strength of Victoria's claims and Defendants' financial situation. Victoria will receive nearly all of his alleged overtime owed, despite serious issues concerning the likelihood of his recovery and collectability of judgment.

1275330.1

April 9, 2018
Page 5

Considering the risks in this case outlined above, discussed *supra*, we believe that this settlement is an excellent result for Victoria, and it should be approved as a fair settlement. *See Meigel v. Flowers of the World, NYC, Inc.,* 2012 U.S. Dist. LEXIS 2359, at *2-3 (S.D.N.Y. Jan. 9, 2012) ("Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement. If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement."). The settlement amount is nearly $10,000 more than Magistrate Judge Parker's recommendation at a settlement conference, and will be paid all in a single payment.

### III.     Plaintiff's Attorneys' Fees are Fair and Reasonable

Under the settlement, and in accordance with their retainer agreements with the Plaintiff, Plaintiff's counsel will receive $11,183.00 from the settlement fund as attorneys' fees and costs. This represents one third of the settlement fund and constitutes a reduction from the forty percent retainer rate reflected in the Plaintiff's retainer agreement. A copy of the retainer agreement is annexed as Exhibit D.

The amount provided to Plaintiff's counsel under the settlement is fair and reasonable and well within the range of fees typically awarded in cases in this Circuit. *See Calle v. Elite Specialty Coatings Plus, Inc.,* 2014 U.S. Dist. LEXIS 164069 at *9 (E.D.N.Y. Nov. 19, 2014) ("A one-third contingency fee is a commonly accepted fee in this Circuit."). In light of the nature of the issues herein, and the extensive negotiations necessary to reach the agreed-upon settlement, Plaintiff's attorneys' requested award is reasonable. Additionally, everyone covered by this settlement has already agreed to the fee provided for in the settlement.

April 9, 2018
Page 6

The Plaintiff's attorneys' lodestar amount in this action is $12,493.75 in attorneys' fees and $775 in costs, for a total of $13,268.75. A copy of Plaintiff's attorneys' records are annexed as Exhibit E. As such, the amount of fees Victoria's attorneys will receive are less than their calculated lodestar amount.

Given Plaintiffs' counsel's significant experience representing plaintiffs in the New York City in wage and hour litigation, Plaintiff's counsel was able to obtain an excellent result with relatively low expense due to the parties' cooperative exchange of information and frequent and on-going negotiations,. A brief biography of each attorney who performed billed work in this matter is as follows:

a. I am the Managing Member of Michael Faillace & Associates, P.C, and have been in practice since 1983. From 1983 to 2000, I was in-house Employment Counsel with International Business Machines Corporation (IBM). I taught employment discrimination as an Adjunct Professor at Fordham University School of Law since 1992 and at Seton Hall University Law School from 1995 to 1998, and is a nationally-renowned speaker and writer on employment law. I also am the author of the ADA, Disability Law Deskbook: The Americans with Disabilities Act in the Workplace, published by Practicing Law Institute (PLI), and other employment law publications and presentations. My regular billing rate, reflected in the annexed billing records with the initials "MF", is $450 per hour.

b. Joshua Androphy is senior attorney at Michael Faillace & Associates, P.C., where he has worked since December 2012. Androphy graduated from Columbia Law School in 2005. Following law school he practiced commercial litigation at Olshan Frome Wolosky LLP. Androphy was selected as a Super Lawyers Rising Start for Employment Litigation in 2014, 2015, 2016, 2017, and 2018. His regular billing rate, reflected in the annexed records with the initials "JA", is $400 per hour.

c. Work performed by paralegals is billed at the rate of $175 per hour and reflected in the annexed records with the initials "PL."

April 9, 2018
Page 7

Should Your Honor have any questions or concerns regarding this settlement, the parties are happy to address them. The parties thank the Court for its attention to this matter.

Respectfully submitted,

/s/Michael Faillace
Michael Faillace

Enclosure

cc: Michael K. Chong (via ECF)
*Attorneys for the Defendants*

1275330.1